SOUTHERN MARYLAND AGRICULTURAL ASS'N OF PRINCE GEORGE'S COUNTY

v.

UNITED STATES.

Civ. No. 6583.

United States District Court, D. Maryland.

Aug. 27, 1954.

Albert R. Crocco, Baltimore, Md., for plaintiff.

George Cochran Doub, U. S. Atty., James H. Langrall, Asst. U. S. Atty., Baltimore, Md., for defendant.

THOMSEN, District Judge.

Plaintiff's motion for leave to dismiss without prejudice and without costs this action for the recovery of alleged overpayment of income taxes is opposed by the Government.

The Maryland Jockey Club of Baltimore filed a similar action in this Court in August, 1952, based upon admittedly similar facts. In April, 1953, the trial judge decided that case in favor of the taxpayer, delivering an oral opinion in which he made certain findings of fact and conclusions of law. Two weeks later, in May, 1953, this action was instituted, and the Government duly filed an answer. The formal opinion of the trial judge in the Maryland Jockey Club case was filed in October, 1953. Maryland Jockey Club of Baltimore City v. United States, D.C., 118 F.Supp. 349.

In February, 1954, the United States Court of Appeals for the Fourth Circuit reversed that decision. U. S. v. Maryland Jockey Club of Baltimore City, 4 Cir., 210 F.2d 367. Certiorari was denied on June 7, 1954. 347 U.S. 1014, 74 S.Ct. 869.

Meanwhile, on May 19, 1954, Plaintiff in the case at bar filed suit in the United States Court of Claims based upon the same cause of action as its claim in the pending case.

On June 17, 1954, ten days after certiorari in the Maryland Jockey Club case was denied, Plaintiff moved to dismiss this action without prejudice and without costs, on the ground:

"That in another action brought by the Maryland Jockey Club of Baltimore City in this Court, based on allegations similar to those contained in the Plaintiff's complaint in the instant case, a judgment of the Circuit Court of Appeals for the 4th Circuit reversing the judgment of this Court would appear to establish the law applicable to the instant case in this Court and, therefore, it would appear that no good purpose would be served by the Plaintiff continuing the instant action to trial and judgment. Under the circumstances, the Plaintiff prays for an order directing that the instant action be discontinued without prejudice and without costs as to either party against the other and for such other and further releases (sic) as may be just."

Rule 41(a), Fed.Rules Civ.Proc. 28 U.S.C.A., provides that, after answer, an action may be dismissed without prejudice only by filing a stipulation of dismissal signed by all parties who have appeared in the action, or upon order of the court and upon such terms and conditions as the court deems proper.

In a leading case, Lawson v. Moore, D. C.W.D.Va., 29 F.Supp. 175, Judge Dobie, then District Judge, said that in ruling on such a motion the court should weigh the equities and make that decision which seems fairest under all the circumstances.

In Piedmont Interstate Fair Association v. Bean, 4 Cir., 209 F.2d 942, Judge Soper, speaking for the Court, said:

"The day is past in the federal courts when the right of dismissal, in accordance with the common law rule, was deemed well nigh absolute as in the earlier decisions of this court before the enactment of the Federal Rules of Civil Procedure. The prejudice to the defendant which justifies the court in refusing permission to the plaintiff to dismiss is more carefully considered, and it is no longer true to say, as was so often said in decisions preceding the Federal Rules, that 'the incidental annoyance of a second litigation upon the subject matter' furnishes no ground for denying the plaintiff permission to dismiss his complaint." 209 F.2d at pages 945–946.

 In most of the cases in which orders permitting dismissal without prejudice have been refused the proceedings had advanced to a later stage than in the case at bar, but the prejudice to the

defendant which justifies the court in refusing permission to dismiss without prejudice is not limited to expense and effort already incurred.

"Leave to dismiss a bill should not be granted where beyond the incidental annoyance of a second litigation upon the same subject matter, such action would be manifestly prejudicial to the defendant. Electrical Accumulator Co. v. Brush Electric Co., C.C., 44 F. 602, 605. The rule that an exception exists to the right of a plaintiff to dismiss his bill upon payment of the costs, while often exercised where the defendant has acquired rights by some order or decree entered in the case (Cf. Chicago & Alton R. Co. v. Union Rolling Mill Co., 109 U.S. 702, 713, 714, 3 S. Ct. 594, 27 L.Ed. 1081), is not confined to such cases. Stevens v. The Railroads, C.C., 4 F. 97. The exception may be based on the nature of the defense, the conduct of the parties, or circumstances appearing in the record which show that it would be inequitable to allow the dismissal without prejudice." Olsen v. Muskegon Piston Ring Co., 6 Cir., 117 F. 2d 163, at page 165.

Plaintiff evidently instituted the pending action in this court because of this court's favorable decision in the Maryland Jockey Club case. Plaintiff then believed that it was obtaining a particularly favorable forum in which to litigate its cases. Now that the Court of Appeals has reversed the Maryland Jockey Club decision, Plaintiff seeks to dismiss its complaint in the hope that the Court of Claims may adopt a different rule of law. Plaintiff argues in its brief:

"* * * that the reversal of this District Court's judgment by the Court of Appeals may impose a very severe handicap and prejudice the plaintiff in a successful presentation of its case in this Court. Plaintiff therefore seeks to dismiss the instant case in order to present its claim and try its case in the United States Court of Claims where it believes the judgment of the Court of Appeals in the Maryland Jockey Club case would not be so prejudicial to its chances of success."

This type of forum shopping has no sanction. On the contrary, in Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, at page 318, the Court said:

"If it were demonstrated that the defendant would lose the advantage which it now has by a change of forum that might be reason for holding that the court abused its discretion by permitting a dismissal without prejudice even had terms been imposed. In speaking of the result of a dismissal without prejudice by a plaintiff for the purpose of beginning a suit in another court, Judge Learned Hand in Young v. Southern Pac. Co., 2 Cir., 25 F.2d 630, 632, said: ' * * * one court is as good as another. But the situation changes when there is substantial doubt whether the courts will not apply different rules, and when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. The loss of the federal forum then becomes a grave prejudice, quite as much as, and indeed more than, the expense and delay in trying the suit up to decree, or even the failure of a cross-bill.' "

Young v. Southern Pac. Co. was an equity case, decided prior to the adoption of the Federal Rules of Civil Procedure. Rule 41(a) (2) is "based upon the former equity practice. It, however, clarifies that practice and goes farther in restricting plaintiff's right of dismissal". Moore's Federal Practice (2d Ed.), Vol. 5, p. 1018.

Many decisions since the Federal Rules and since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 have taken the position that a defendant has

no absolute right to litigate in a federal court and that, in the absence of some special circumstances, and if the motion is promptly made, the plaintiff will be permitted to dismiss even though his purpose is to defeat removal and file a new suit in a state court. Moore, Vol. 5, p. 1027. In the case at bar, this court and the Court of Claims are both federal courts; the question of federal court interpretation of state law is not involved. Counsel have not cited, and I have not found, any case where dismissal was sought in order to proceed in a different federal forum. The case can be tried promptly in this court. Harvey Aluminum, Inc., v. American Cyanamid Co., D.C.S.D.N.Y., 15 F.R.D. 14, 20.

Plaintiff chose the forum which it believed to be most advantageous to it. There is no equity in its present effort to revoke that choice. The motion for leave to dismiss without prejudice is denied.