J. L. STERN, Appellant,

v.

INTER–MOUNTAIN TELEPHONE
COMPANY, Appellee.

No. 12396.

United States Court of Appeals
Sixth Circuit.

Oct. 25, 1955.

As Amended on Denial of Rehearing
Nov. 14, 1955.

J. L. Stern, Briston, Tenn., for appellant.

James H. Epps, Jr., Johnson City, Tenn. (Fred H. Parvin, Greeneville, Tenn., Cox, Epps, Miller & Weller, Johnson City, Tenn., on the brief), for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This action was brought by the appellant in a Tennessee state court and was removed by the appellee to the Federal District Court upon a showing of diversity jurisdiction.

Several weeks after filing its answer, the appellee served notice upon the appellant to take his deposition in accordance with Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The day his deposition was to be taken the appellant filed a motion for leave to take a voluntary nonsuit without prejudice. The district court entered an order allowing a dismissal of the case without prejudice upon two conditions: that within thirty days appellant pay certain expenses incurred by the appellee in preparing for trial, and that the appellant permit his deposition to be taken in the meantime. The order provided that if these two conditions were not met the case should stand dismissed with prejudice. The appellant failed to comply with the first of the two conditions within the time specified, and the case was accordingly dismissed with prejudice.

Rule 41(a) (2) of the Federal Rules of Civil Procedure provides that after an answer has been served the plaintiff can have a dismissal only upon order of the court, that the court may attach such terms and conditions as it

deems proper, and that the dismissal may be with prejudice if the court so specifies. The order of the district court was, therefore, clearly within the scope of this rule. Moreover, the terms and conditions which the court attached were entirely reasonable and within the court's sound discretion.

 Appellant argues that he originally filed this action in the Tennessee state court, that Tennessee gives a plaintiff the absolute right to dismiss his action without prejudice at any time before the jury retires, and that this right is a substantive one which the district court could not violate under the guise of a procedural rule, but rather was bound to respect under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188.

The question which appellant raises is no longer an open one in this court. The argument he makes has been expressly rejected. Mooney v. Central Motor Lines, Inc., 6 Cir., 1955, 222 F.2d 572. Cf. Grivas v. Parmelee Transp. Co., 7 Cir., 1953, 207 F.2d 334.

The order of the district court is affirmed.