Arthur NAZZARO, Plaintiff,

v.

Martin WEINER and Texstyle Dyeing and Printing Corp., Defendants.

Civ. A. No. 626–62.

United States District Court
D. New Jersey.

Aug. 7, 1965.

Shanley & Fisher, Newark, N. J., for plaintiff.

Cole, Berman & Garth, Paterson, N. J., for defendants.

WORTENDYKE, District Judge:

This diversity action, sounding in contract, was commenced on July 31, 1962. Service was effected upon the defendants on August 7, 1962. The defendants filed answer on October 4, 1962, within time as stipulated between the parties. Security for costs was demanded and deposited. The answer included a counterclaim for a balance alleged to be due upon a loan by the corporate defendant to the plaintiff.

Among the issues presented by the pleadings was the question whether plaintiff was entitled to a share in the net profits of a textile dyeing and printing business to be conducted by plaintiff for the corporate defendant under an alleged oral agreement between plaintiff and defendant Weiner, for a joint venture in the conduct of that business. Whether any net profits accrued from the conduct of that business became a critically appropriate objective for the conduct of Weiner's pretrial discovery proceedings. At the pretrial conference

plaintiff claimed that the business operations conducted under the alleged joint venture agreement yielded a profit of $300,000 before taxes. He sought to recover from the defendants the following items of alleged damages by reason of defendants' alleged breach of the agreement sued upon:

(1) 25% of the net profits of the business, which he claimed amounted to $300,000—$75,000.00;

(2) 25% of the prospective net profits which he claims (in an unstated amount) would have resulted but for defendants' alleged wrongful termination of the joint venture agreement;

(3) Unpaid balance (in an unstated amount) of accrued weekly wages at $175.00, as general manager of the business;

(4) The reasonable value (unstated) of plaintiff's services in making possible the sale of the business.

Defendants gave prompt notice, after the cause had come to issue, of the taking of the deposition of one David Dwyer, an accountant, upon the question of whether the operation of the corporate defendant, during the period referred to in the complaint had resulted in a profit or loss. The taking of that deposition was ordered over plaintiff's opposition, on December 26, 1962, and from that date discovery was pursued by the parties by deposition and interrogatories, with numerous discovery motions, until shortly before the case was moved for trial to a jury on May 4, 1964. At the pretrial conference, held on September 11, 1963, the discovery period was extended for two months by reason of the pendency of a motion or motions with respect to interrogatories, and the plaintiff was directed, in the pretrial order, "to furnish the defendants with a compilation of figures constituting the then recognized basis of the plaintiff's damage claim." When the case was moved for trial, it was represented to the Court that the plaintiff had failed to comply with the foregoing quoted directive.

The trial commenced on May 4, 1964 and proceeded through May 7, 1964, on which latter date, in the absence of the jury, the defendants moved to exclude evidence offered in behalf of the plaintiff which purported to disclose that the operations of the corporate defendant had disclosed profits for the period with respect to which the plaintiff sought a share pursuant to the oral agreement alleged in the complaint. That motion was granted, and the proffered evidence was excluded. Thereupon the plaintiff moved (also out of the hearing of the jury) for a voluntary dismissal of the action *without* prejudice, pursuant to F.R.Civ.P. 41 (a) (2). This motion was opposed by the defendants but, upon their agreement to a dismissal of their counterclaim without prejudice, the Court granted the plaintiff's motion to dismiss the action without prejudice, upon such terms and conditions as the Court might impose, after hearing a motion of the defendants to fix such terms and conditions. Such a motion was duly noticed, briefed and orally argued, and decision thereon was reserved. This opinion embodies the Court's decision with respect to the terms and conditions which the Court feels should be imposed upon the plaintiff in consideration of the granting, without prejudice, of his motion for a voluntary dismissal of this action.

In support of their motion to fix terms and conditions, the defendants have filed an affidavit of their trial attorney and exhibits annexed thereto, from which it appears that the services rendered to the defendants by their attorneys and required by reason of the institution and prosecution of the action of the plaintiff, totalled 653½ hours, for which the attorneys charged a fee of $31,675.00, and sought, in addition thereto, reimbursement for disbursements incurred totalling $607.31. In addition to the foregoing charges, the defendants incurred expense for the services of Certified Public Accountants, which, including related disbursements totalled $12,136.47.

The affidavit of the attorney for the defendants states that the total of all direct expenses for which the defendants have become obligated by reason of this litigation is $47,105.45. Defendants ask this Court to require the plaintiff to reimburse defendants in the foregoing amount, as a condition to the granting of plaintiff's motion for a voluntary dismissal without prejudice, and of the right of the plaintiff to institute another action for the causes alleged in the complaint in this action.

■ The motion invokes the exercise by the Court of its sound discretion in determining the extent of relief which the defendants should receive under the circumstances. There has been no denial by the plaintiff that the institution and prosecution of the action resulted in the defendants' incurrence of the aggregate of expense set forth in the moving affidavit. With respect to the amount which the attorneys for the defendants have charged for the services which they have rendered to the defendants in this case, both plaintiff and the Court are powerless to control the quantum thereof if the fee charged and paid or to be paid had been a matter of agreement between the defendants and their attorneys. The Court does not feel called upon in this proceeding (cf. N.J.S.A. 2A:13–6) to determine the propriety of that amount, or the rate per hour, per partner or per associate which the parties to the retainer agreement agreed upon. "At times lawyers differ widely in their appraisals of the value of services, and it is not uncommon for a court to slash requests for allowances." In re Quinn, 1957, 25 N.J. 284, 289, 135 A.2d 869, 872, 70 A.L.R.2d 956. The plaintiff, however, had no control over the amount of time or the degree of effort which counsel for the defendants may have devoted or expended to or in the performance of the services for which they have made their charge; nor can the Court anticipate, on the present motion, how much of the fruits of the labor of counsel to date will suffice for the requirements of the defendants in the event the plaintiff should institute another action for the causes alleged in the complaint in this action.

The Court finds that the discovery proceedings which were instituted and prosecuted by defendants were appropriate to the requirements of their defense. How much further discovery, if any, the defendants may require in the event of the reinstitution of litigation, the Court has no means of determining.

During the course of the oral argument on the pending motion, plaintiff conceded that an audit of the books of the defendant corporation disclosed that it made no profit for the critical period. An examination of the corporate defendant's books on behalf of the plaintiff, with respect to the question of profit or loss, was made by an accountant prior to the commencement of this action. However, as the Court understands the contention of the plaintiff on this question, it is that in determining whether a profit existed, in which the plaintiff would be entitled to share under the terms of the oral agreement upon which his action is based, certain items shown in those books as expense should not have been deducted from gross receipts; and, according to the plaintiff's theory, if such items of expense are not treated as proper deductions from the gross income, the corporation would have shown a profit for the purpose of determining plaintiff's interest under the alleged oral agreement. Whether such agreement existed, and, if so, what were its terms, had not been resolved at the time the motion for voluntary dismissal was made. The evidence produced to that point failed to persuade the Court, although the question was for the jury to determine, that plaintiff would probably be found entitled to recover any specific amount from the defendants in this action.

■ This Court is convinced that the plaintiff personally failed to yield com-

plete responsiveness to the discovery sought by the defendants in their effort to determine what items shown in the corporate records as expenditures were challenged by the plaintiff as improperly deducted for purposes of determining his share in the joint venture referred to in the complaint. I am also convinced that a substantial portion of the unusually protracted discovery proceedings in this case could have been avoided if Mr. Nazzaro had been fully responsive to defendants' discovery inquisitions.

The plaintiff will be required to reimburse defendants' attorneys for the cost of stenographic transcripts, $1,986.-67, and for the payments made to plaintiff's accountants (Dwyer, Sr. and Jr.) for attendances upon depositions, amounting to $700. I refuse to require reimbursement of defendants' attorneys' claims for (1) $779.00 paid to Ralph Galpin and associates for trial preparation assistance, and (2) $11,357.47 paid to Benjamin Nadel & Company for presuit and pretrial advisory services and attendance upon Dwyer depositions. I also direct that the further sum of $5,000, on account of defendants' obligation to their attorneys as compensation for their services, and the disbursements incurred by them, amounting to $607.31, be reimbursed to defendants.

Failure of the plaintiff to comply with the foregoing requirements, within ninety days from the entry of order hereon, shall require the dismissal of this action WITH prejudice against the plaintiff. See F.R.Civ.P. 41(a) (2); Stern v. Inter-Mountain Telephone Co., 6 Cir. 1955, 226 F.2d 409, and cases cited. An order in conformity with the views herein expressed may be presented.