**William R. SPENCER, Plaintiff,**

v.

**MOORE BUSINESS FORMS, INC.; Thomas H. Atkins; Henry P. Cooper; and Daniel G. Royal, Defendants.**

Civ. A. No. C76–779A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 26, 1980.

Eugene G. Partain, R. Carl Cannon, Morris Weinberg, Jr. and Linda A. Robinson, Powell, Goldstein, Frazer & Murphy, Martin D. Chitwood, Atlanta, Ga., for plaintiff.

F. Clay Bush, Palmer H. Ansley, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., Brian F. Toohey and Thomas J. Hanifin, Jr., Cohen, Swados, Wright, Hanifin, Bradford & Brett, Buffalo, N. Y., for defendants.

## ORDER

SHOOB, District Judge.

This case is before the Court on plaintiff's motion for voluntary dismissal of the action, without prejudice, under Fed.R. Civ.P. 41(a)(2). That rule provides:

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Thus, dismissal on plaintiff's motion under this section of the Federal Rules of Civil Procedure is "within the sound discretion of the court, and its order is reviewable only for abuse of discretion." *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976).

In exercising its discretion, the Court must make three determinations: (1) whether or not to allow dismissal of the case at all; (2) if the Court allows dismissal, whether it should be with or without prejudice; and (3) if the Court allows dismissal without prejudice, what "terms and conditions," if any, should be imposed. *Mott v. Connecticut General Life Ins. Co.,* 2 F.R.D. 523, 525 (N.D.Iowa, 1942).

"Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule." *Home Owners Loan Corporation v. Huffman,* 134 F.2d 314, 317 (8th Cir. 1943). Thus plaintiff's desire to proceed now with the parallel state court action, and, if necessary, to appeal any adverse decision to the Georgia appellate courts rather than to the Fifth Circuit Court of Appeals, is of no consequence. "[T]he plaintiff's reasons for desiring to dismiss are immaterial." *Home Owners Loan Corporation v. Huffman, supra,* 134 F.2d at 318.

Notwithstanding the fact that plaintiff's interests are not considered, it is nevertheless the rule that "in most cases a dismissal should be granted unless the defendant will suffer some legal harm." *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976). Thus it is defendants' interests, not plaintiff's, which must be considered. The 'legal harm' to defendants must be "some plain legal prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Florida East Coast Railway Company,* 385 F.2d 366, 368 (5th Cir. 1967) (emphasis in original). The law is also clear that "a mere missed opportunity for a legal ruling is not sufficient to warrant the denial of a motion for voluntary dismissal." *In re Federal Election Campaign Act Litigation,* 474 F.Supp. 1051, 1052 (D.C.1979) (dictum).

What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm "manifestly prejudicial to the defendant," *Southern Maryland Agricultural Association of Prince George's County v. United States,* 16 F.R.D. 100, 101

(D.Md.1954); "substantial legal prejudice" to defendant, *Kennedy v. State Farm Mutual Automobile Insurance Company*, 46 F.R.D. 12, 14 (E.D.Ark.1969); and the loss of any "substantial right," *Durham v. Florida East Coast Railway Company, supra*, 385 F.2d at 368. The question is whether the granting of plaintiff's motion "infringes the legal or equitable rights of the defendant as shown by the circumstances and facts conceded or undisputed." *Home Owners' Loan Corporation v. Huffman, supra*, 134 F.2d at 318. "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc., supra*, 528 F.2d at 603. The task for the Court then is to determine how the defendants in this action would be affected by a dismissal without prejudice. A brief background of this litigation is in order.

█ This case has been pending for more than four years in this district court. According to the five-page docket sheet, the case received attention from at least three other judges (Edenfield, J.; Hill, J.; and Murphy, J.) before being transferred to the undersigned. The file of pleadings alone is approaching four inches in thickness. There has been exhaustive discovery, including at least four formal extensions of discovery time. At least a dozen depositions have been taken. In addition to the discovery, the following motions requiring the attention of the court have been filed during the course of this litigation: a motion for a protective order, August 6, 1976; three motions to compel, June 16, 1977, June 27, 1977, and August 4, 1977; a motion for leave to amend the complaint, January 27, 1978; a motion to dismiss parts of the complaint, December 29, 1978; a motion for summary judgment, September 13, 1979; a

motion to dismiss or in the alternative for summary judgment, June 9, 1977; a motion for summary judgment or, in the alternative, for partial summary judgment, October 2, 1979; two motions to reconsider, October 21, 1977 and January 15, 1979; and a motion to amend an order to make it immediately appealable, November 30, 1979.[1]

Plaintiff's original complaint in this Court contained three counts. Count I stated a claim under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; Count II stated a common law tort cause of action based on defendants' alleged conspiratorial interference with plaintiff's performance of his employment, Ga.Code Ann. § 105–1401; and Count III states a claim under Ga.Code Ann. § 105–2003 for 'vindictive damages' should it be found that the entire injury to plaintiff is to the peace, happiness and feelings of plaintiff. Each count was directed against corporate defendant Moore Business Forms, Inc., and individual defendants Thomas H. Atkins, Henry P. Cooper and Daniel G. Royal. Plaintiff's motion to amend the complaint to add a fourth count, based on the Georgia Age Discrimination Act, Ga.Code Ann. § 54–1102, was denied. Order of Judge Harold S. Murphy, April 3, 1978.

By order of Judge Murphy dated October 12, 1977, Count I of the complaint (under the federal Age Discrimination in Employment Act) was dismissed. While this order was vacated by order of Judge Murphy on February 8, 1978, it was reinstated by order of Judge Murphy on June 9, 1978. On February 12, 1979, plaintiff's motion to reconsider the decision to dismiss Count I was denied.

Subsequently, plaintiff moved for summary judgment against defendants with respect to the following defenses raised by

---

1. In recounting numerous motions requiring the attention of the Court, this Court's intent is to show the lengthy and complex course of this litigation, not the work this case has required of the court. For just as plaintiff's motives in bringing a Rule 41(a)(2) motion are immaterial, so also is the convenience of the court: " 'Courts exist to serve the parties, and not to serve themselves, or to present a record with respect to dispatch of business. . . . For the court to consider expedition for its own sake 'regardless' of the litigants is to emphasize secondary considerations over primary.' *Alamance Industries, Inc. v. Filene's*, 1 Cir. 1961, 291 F.2d 142, 146 [cert. den. 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961)]." *Durham v. Florida East Coast Railway Company, supra*, 385 F.2d at 368.

defendants in their answers: lack of personal jurisdiction over the individual defendants, insufficiency of process, insufficiency of service of process of the individual defendants, and improper venue. Plaintiff also moved for summary judgment with respect to defendants' claims that plaintiff's suit was barred by the applicable statute of limitations and by the exclusivity of the Georgia Workmen's Compensation Act. Defendants countered by moving for summary judgment on the grounds that the action was barred by the exclusivity provisions of the Georgia Workmen's Compensation statute, Ga.Code Ann. § 114–101 *et seq.*, and by the applicable statute of limitations. Defendant Moore Business Forms further moved for summary judgment on the ground that Counts II and III of the complaint (the only remaining counts) failed to state a claim upon which relief could be granted.

After thorough briefing on the issues submitted above, this Court rendered its decision on October 25, 1979. That order:

(1) granted plaintiff's motion for summary judgment as to the defenses of lack of personal jurisdiction over the individual defendants, insufficiency of process, insufficiency of service, and improper venue;

(2) denied plaintiff's motion for summary judgment as to the other issues;

(3) granted defendant Moore Business Forms' motion for summary judgment in its entirety; and

(4) granted individual defendants' motion for summary judgment as to

(a) all tortious activity after April 1, 1974;

(b) all tortious activity resulting in personal injury to plaintiff; and

(c) all tortious interference with plaintiff's employment contract which occurred before April 29, 1972.

The effect of that order was to remove the corporate defendant from the action altogether and to substantially reduce the case that plaintiff would be entitled to prove against the individual defendants.

Plaintiff then moved to amend that order so as to make it appealable. This Court's order of February 7, 1980 denied that motion on the grounds that there was lacking any substantial ground for difference of opinion as to the primary ruling of law made in the October order, and that the very slight chance that the Fifth Circuit would uphold plaintiff's position made it unlikely that interlocutory appeal would materially advance the ultimate termination of the litigation.

It is true that the summary adjudications in this Court's order of October 25, 1979 are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties, Fed.R.Civ.P. 54(b). Nonetheless, subject to the above, if the case were to be tried, only those claims left against the individual defendants after the October 25 order would be tried; and regardless of the outcome of the trial, defendants would be entitled to the entry of a final judgment on the issues as to which this Court's order has made a ruling on the merits. That is, on the basis of undisputed material facts, as a matter of law, defendants are entitled to judgment as set forth in the October 25, 1979 order, against plaintiff. Rule 56 "affects the substantive rights of the litigants. A summary judgment motion goes to the merits of the case and, because it does not simply raise a matter in abatement, *a granted motion operates to merge or bar the cause of action for purposes of res judicata.*" 10 *Wright and Miller, Federal Practice and Procedure* § 2712 at page 386 (emphasis added) (citations omitted). Unless a defendant raises a counterclaim, a judgment that plaintiff take nothing, and that the action be dismissed on the merits, is the most favorable outcome possible for a defendant in a lawsuit. That is what defendant Moore Business Forms would lose by this Court's allowing plaintiff to dismiss without prejudice; the individual defendants would lose the benefit of a less complete adjudication on the merits in their favor. Another hardship on defendants, though this is not controlling (see page 2 of this order, *supra* ),

would occur if plaintiff were to commence the relitigation of this action.

In the case of *Pace v. Southern Express Company*, 409 F.2d 331 (7th Cir. 1969), defendant filed a motion for summary judgment, to which no response was filed. Four months after defendant's motion was filed, plaintiff filed a motion to dismiss the complaint without prejudice. Defendant objected to plaintiff's motion. Shortly thereafter, the trial court denied plaintiff's motion to dismiss and granted defendant's motion for summary judgment.

On appeal, in an alternate holding, the Seventh Circuit Court of Appeals thoroughly discussed the factors listed in *Moore's Federal Practice* which supported the trial judge's exercise of discretion in denying plaintiff's motion to dismiss the case without prejudice.

In 5 Moore's Federal Practice, § 41.05[1] (2d ed. 1968), the author has collected numerous instances where district courts have properly exercised their discretion by denying motions for dismissal without prejudice. Some of the factors justifying denial are the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant. These factors were present here.

The defendant's objections to plaintiff's motion to dismiss disclosed that the case had already been pending for one and one-half years, that considerable discovery had been undertaken at substantial cost to the defendant, and that defendant had already briefed its motion for summary judgment. Defendant also pointed out that plaintiff has failed to file any brief with respect to the motion for summary judgment and was attempting to deprive the defendant of a ruling on the summary judgment motion by its

dismissal tactic. These considerations amply support the district court's denial of the motion to dismiss without prejudice. In addition, the district court was cognizant that there were three related state court suits filed five months after this suit and still pending in the Circuit Court of LaPorte County, Indiana.

*Pace v. Southern Express Company, supra*, 409 F.2d at 334. A number of the same factors supporting the trial judge listed above are present in the instant action. And whereas the trial judge refused to dismiss without prejudice in *Pace* in the face of defendant's unopposed motion for summary judgment, this Court has already *granted* summary judgment to one defendant and partial summary judgment to the others. The logic against dismissing the complaint without prejudice is compelling.[2] *See also Local 2677, American Federation of Government Employees v. Phillips*, 358 F.Supp. 60, 64–65 (D.C.1973) (plaintiff's motion for voluntary dismissal without prejudice denied because "the motion for dismissal was not filed until the case was ready for final disposition by summary judgment" and because such a dismissal "would not best facilitate the orderly and swift administration of justice").

Also compelling, in this Court's view, is the lateness of the hour and the advanced stage of the action. Discovery has long since expired, and the case could go on the next calendar for trial of the remaining issues. A great deal of time, money and energy has been expended by all parties to this litigation, and plaintiff's attempt to wipe the slate clean and start over after having suffered legal reverses is unfair to defendants. *See Shaffer v. Evans*, 263 F.2d 134, 135 (10th Cir. 1958), cert. den. 359 U.S. 990, 79 S.Ct. 1119, 3 L.Ed.2d 978 (1959) (trial court did not abuse its discretion in denying plaintiff's Fed.R.Civ.P. 41(a)(2) motion and dismissing the case with prejudice when the case had been pending six months, depositions had been taken, defend-

**2.** In the context of a Fed.R.Civ.P. 41(a)(1)(i) dismissal, the filing by defendant of a motion for summary judgment is an event which fore- closes the plaintiff's option to dismiss the case by notice, without court order.

ants had made arrangements for medical testimony, a pretrial conference had been held, and the case was ready for trial at the next jury term); *see also* 5 Moore's Federal Practice, ¶ 41.05[1] at pages 41–64, note 35 and cases cited therein;[3] *cf. Yoffe v. Keller Industries, Inc.*, 582 F.2d 982 (5th Cir. 1978), cert. den. 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979) (trial court properly exercised its discretion in granting plaintiff's motion under Fed.R.Civ.P. 41(a)(2) on the condition that plaintiff pay defendants over $44,000 in costs, expenses and reasonable attorney's fees, when plaintiff's motion was made on eve of trial).

■ As was stated above at page 2, "ordinarily the motive of the plaintiff in seeking to dismiss is not material, and the fact that a nonsuit may give the plaintiff some tactical procedural advantage in the same or in some other forum is not grounds for refusing to allow the dismissal." *Kennedy v. State Farm Mutual Automobile Insurance Co., supra*, 46 F.R.D. at 14. Nonetheless, plaintiff's desire for the tactical advantage of a nonsuit in this case in which the cause of action has been sharply reduced, and of an adjudication on the merits potentially more favorable to plaintiff in the state court proceeding, affects defendants' rights in this action. In *Kennedy*, the trial court denied plaintiff's Rule 41(a)(2) motion when plaintiff's contemplated shift of forum might result in the application of "another body of substantive law which would or might deprive the defendant of an apparently good defense at this forum. Thus, the shift of forum, if permitted, would or might seriously disadvantage the defend-

ant, and the Court thinks that it would amount to legal prejudice to subject the defendant to the risk that plaintiff may succeed in inducing the Georgia courts to refuse to apply the Arkansas law to the policy in suit." *Kennedy, supra*, at page 15.

In the case of *Southern Maryland Agricultural Association of Prince George's County v. United States, supra*, the trial court denied plaintiff's motion to dismiss without prejudice when plaintiff's reason for the motion was a decision by the Fourth Circuit Court of Appeals reversing a precedent favorable to plaintiff, and plaintiff wished to proceed with a case on the same action in the United States Court of Claims which had not yet adopted a rule of law on the controlling question. Of this tactical maneuver, the court said: "This type of forum shopping has no sanction." *Southern Maryland Agricultural Association, supra*, at 102.[4] A plaintiff will sometimes have a choice between suing in federal court and suing in state court. Plaintiff in this case sued defendants in *both* courts. Unhappy with rulings of law in this Court, plaintiff now seeks to dismiss without prejudice and hope for better in the state court; this, after over four years of litigation and with the case very nearly ready for trial. This type of forum shopping also has no sanction. It is wasteful to prosecute two cases in two courts on the same or similar causes of action; it is wholly unfair to defendants to attempt to dismiss without prejudice the one in which plaintiff has suffered setbacks and proceed with the other.

---

**3.** On the other hand, in *Diamond v. United States*, 267 F.2d 23 (5th Cir. 1959), cert. den. 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75 (1959), the Fifth Circuit Court of Appeals held that the trial court abused its discretion in granting plaintiff's motion to dismiss, made the day before the case was to be tried and without any notice to defendant.

**4.** The court cited *Home Owners' Loan Corporation v. Huffman, supra*, 134 F.2d at 318 in support:

If it were demonstrated that the defendant would lose the advantage which it now has by a change of forum that might be reason for holding that the court abused its discre-

tion by permitting a dismissal without prejudice even had terms been imposed. In speaking of the result of a dismissal without prejudice by a plaintiff for the purpose of beginning a suit in another court, Judge Learned Hand in *Young v. Southern Pac. Co.*, 2 Cir., 25 F.2d 630, 632, said: " * * * one court is as good as another. But the situation changes when there is substantial doubt whether the courts will not apply different rules, and when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his *existing advantage*." (Emphasis added.)

124

Having determined that permitting plaintiff to dismiss without prejudice will cause defendants in this action to suffer 'legal harm' amounting to the loss of a substantial right, the Court must decide upon proper terms and conditions which will "alleviate the harm caused to the defendant," *LeCompte v. Mr. Chip, Inc., supra*, at 605, and will "compensate the defendant[s] for the expense to which [they have] been put." *Mott v. Connecticut General Life Insurance Company, supra*, at 523, citing *McCann v. Bentley Stores Corporation*, 34 F.Supp. 234, 235 (W.D.Mo.1940).

While a second suit on what remains of plaintiff's case would be troublesome for defendants, the Court cannot say that defendant would suffer 'legal harm' or loss of a 'substantial right' by such a trial. Accordingly, as to what remains of plaintiff's case after the dismissal of Count I and this Court's orders of October 25, 1979 and February 7, 1980, plaintiff's motion to dismiss without prejudice is GRANTED.

As for the portions of plaintiff's claim that have been adjudicated on the merits, however, the only condition which will save defendants from substantial legal harm is dismissal with prejudice. Accordingly, the following portions of plaintiff's action are DISMISSED WITH PREJUDICE:

(1) the Age Discrimination in Employment Act claim (Count I of the original complaint), Orders of Judge Murphy, October 12, 1977, and June 9, 1978;

(2) all claims against defendant Moore Business Forms, Inc., Order of this Court dated October 25, 1979;

(3) as to the individual defendants, plaintiff's claims regarding

(a) all tortious activity after April 1, 1974;

(b) all tortious activity resulting in personal injury to plaintiff; and

(c) all tortious interference with plaintiff's performance of his employment which occurred before April 29, 1972.

All court costs shall be taxed to plaintiff. *LeCompte v. Mr. Chip, Inc., supra*, at 603; *Yoffe v. Keller Industries, Inc., supra*, at 984; 5 *Moore's Federal Practice*, ¶ 41.06.