Irving J. LOUIS, Jr., individually and as a shareholder of Bache Group, Inc., on behalf of himself and all other shareholders of Bache Group, Inc., similarly situated, and in the right of Bache Group, Inc., Plaintiff,

v.

BACHE GROUP, INC., Bache, Halsey, Stuart, Shields, Inc., Bache, Halsey, Stuart Metal Co. Inc., Allen D. Hogan and Elliot J. Smith, Defendants.

No. 81 Civ. 457.

United States District Court,
S. D. New York.

Dec. 1, 1981.

**460**

Orans, Elsen & Lupert, New York City, for plaintiff; Sheldon H. Elsen, Leslie A. Lupert, Lisa Feiner, of counsel.

Sullivan & Cromwell, New York City, for defendants; Marvin Schwartz, Robinson B. Lacy, Florence A. Davis, of counsel.

1. *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963).

2. *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y.1953) (citations omitted).

OPINION

EDWARD WEINFELD, District Judge.

In response to a second motion for summary judgment by the defendants (a prior motion was denied), plaintiff moves for a voluntary dismissal of this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks such dismissal without prejudice. The defendants oppose the application and urge that the Court decide the pending motion for summary judgment and, in the event of denial of their motion, that the case proceed to trial.

■ An application for voluntary dismissal of an action invokes the discretion of the Court, which brings into play concepts of reasonableness and fairness.[1] As this Court has stated,

The essential question is whether the dismissal of the action will be unduly prejudicial to the defendants; if so, plaintiffs' motion should be denied. If not, it should be granted upon such terms and conditions as are fair and just. As a general rule, a litigant should be permitted to discontinue his action upon appropriate terms even where his avowed purpose is to commence a new litigation upon the same issues in a forum allegedly more favorable to his claim.[2]

■ The defendants oppose the motion claiming undue prejudice. First, they point out that a dismissal without prejudice would permit plaintiff to reinstate this suit. However, this Court's view, referred to above, that the mere prospect of a second lawsuit is not, by itself, sufficient reason to deny the motion, has gained acceptance and been recognized by courts of appeals.[3]

■ Next, the defendants urge that institution of this action occasioned publici-

3. See, e. g., *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976); *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971); *American Cyanamid Company v. McGhee*, 317 F.2d 295 (5th Cir. 1963).

ty impugning the integrity of the defendants and that such publicity may be repeated in the event another action were instituted by plaintiff. However, while understandably defendants did not relish the publicity, they may be unduly sensitive on the subject—"the impact of news items upon the public mind, depending upon their nature, may be more imaginary than real."[4] Finally, the defendants complain and with justification that this motion was made by plaintiff only after full and extensive pre-trial discovery proceedings, which not only interrupted the normal activities of defendants' officers and employees who were deposed, but also imposed upon the defendants the burden of substantial legal fees and other expenses. Thus, defendants urge undue prejudice particularly since their summary judgment motion has been briefed and argued and is ripe for disposition and, in the event of denial, the case is ready for trial on the merits. However, the advanced state of the litigation and the legal and other expenses incurred by themselves do not mandate a denial of plaintiff's motion, although they are proper factors to be evaluated in the event terms are to be imposed as a condition of granting a motion for voluntary dismissal. Indeed, such dismissals have been granted on the eve of trial and even after trial has commenced.[5] In sum, the Court is of the view that defendants have not established such undue prejudicial harm as to require the denial of the motion.

The prejudice that defendants can justifiably claim is the burden of expense involved in the litigation up to this point. Rule 41(a)(2) specifically provides that an order of dismissal shall be made "upon such terms and conditions as the court deems proper." The Court is persuaded that the facts of the instant case require the imposition of terms as a condition of granting plaintiff's application.

The case has been in litigation for almost a year and discovery has been completed by both litigants. The plaintiff deposed eleven officers and employees of the defendants, the transcripts of which total 1,332 pages, copies of which cost the defendants $1,365. The defendants deposed plaintiff and a witness, the transcripts of which were charged to the defendants at $362. In addition, in response to plaintiff's request, the defendants supplied to plaintiff without charge 5,304 pages of depositions taken in other proceedings and in excess of 5,000 pages of other documents, the cost of which to defendants was $1,030—in all, a total of $2,757. Also, it is obvious that substantial counsel fees were incurred by the defendants. Upon the argument of this motion, these were estimated to run approximately $25,000. However, this Court does not propose to make the defendants whole with respect to legal fees incurred since it would be contrary to the American practice of not imposing upon an unsuccessful litigant the trial expenses of the successful adversary.[6] To grant the legal expenses incurred would yield to the defendants reimbursement which would not be granted if they prevailed after a trial on the merits. The Court allows $2,500 toward defendants' obligation for counsel fees and $2,757 expenses incurred, a total of $5,257 to be paid to the defendants as a condition of granting plaintiff's application. Plaintiff's motion for leave to dismiss without prejudice is granted upon condition that within twenty (20) days, plaintiff pay to the defendants the sum of $5,257. Upon failure to comply with the foregoing condition, the

---

4. *United States v. Kahaner*, 204 F.Supp. 921, 924 (S.D.N.Y.1962) (citing *United States v. Moran*, 194 F.2d 623, 625 (2d Cir. 1952), aff'd, 317 F.2d 459 (2d Cir.), *cert. denied*, 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65 (1963)).

5. *See, e. g., Nazzaro v. Weiner*, 38 F.R.D. 430 (D.N.J.), aff'd, 353 F.2d 537 (3d Cir. 1965); *Pathe Laboratories, Inc. v. Technicolor Motion Pictures Corp.*, 19 F.R.D. 211 (S.D.N.Y.1955).

6. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *see Farmer v. Arabian American Oil Co.*, 324 F.2d 359, 365, 367 (2d Cir. 1963) (Smith, J., dissenting), *rev'd on other grounds*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). *Cf. Nazzaro v. Weiner*, 38 F.R.D. 430, 434 (D.N.J.), aff'd, 353 F.2d 537 (3d Cir. 1965).

action shall be dismissed with prejudice.[7] However, this disposition shall in no respect prejudice any claims which plaintiff may advance in an arbitration proceeding which defendants have, from the inception of this action, urged as the proper forum before which to litigate claims arising under their controversy.

So ordered.

---

7. *See Davis v. McLaughlin*, 326 F.2d 881 (9th Cir.), *cert. denied*, 379 U.S. 833, 85 S.Ct. 64, 13 L.Ed.2d 41 (1964); *Stern v. Inter-Mountain Tel-* *ephone Co.*, 226 F.2d 409 (6th Cir. 1955); *DeFilippis v. Chrysler Sales Corp.*, 116 F.2d 375 (2d Cir. 1941).