**B & J MANUFACTURING COMPANY, Plaintiff,**

v.

**D.A. FROST INDUSTRIES, INC., Spencer Industries Pty. Ltd., and David A. Frost, Defendants.**

No. C83–1731.

United States District Court,
N.D. Ohio, E.D.

Feb. 4, 1985.

MEMORANDUM OF OPINION

MANOS, District Judge.

On April 22, 1983, B & J Manufacturing Company (B & J), filed the above-captioned case seeking injunctive relief, damages and attorney's fees due to the alleged infringement of its United States Letter Patent No. 3,879,825, (hereinafter, '825), by the defendants, D.A. Frost Industries, Inc., and its President, David A. Frost, (hereinafter referred to collectively as Frost). Jurisdiction is invoked under 28 U.S.C. § 1338(a).[1] On May 6, 1983, Frost filed an answer alleging that the '825 patent is invalid and a counterclaim for "false marking" under 35 U.S.C. § 292. On June 24, 1983, the court granted B & J leave to amend its complaint to add Spencer Industries Pty. Ltd. as a defendant. On August 2, 1983, the court granted B & J's motion to file a second amended complaint, in which B & J alleges that the defendants are infringing upon another one of its patents. On January 13, 1984, Frost filed an amended answer deleting its counterclaim and adding the affirmative defense of estoppel. The case is currently before the court on B & J's motion to dismiss without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and Frost's motion for leave to file a counterclaim. For the following reasons, B & J's motion is granted and Frost's motion is denied.

▮ Fed.R.Civ.P. 41(a)(2) provides:

---

1. 28 U.S.C. § 1338(a) provides as follows:

    The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

(2) **By Order of Court.** Except as provided in paragraph (1) of subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

A motion for dismissal under Rule 41(a)(2) is addressed to this court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co., Inc.,* 679 F.2d 143, 145 (9th Cir. 1982) ("a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion"); *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir.1980) ("whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court"); *see also LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976); *Louis v. Bache Group, Inc.,* 92 F.R.D. 459, 460 (S.D.N.Y. 1981). "[T]he plaintiff's reasons for desiring to dismiss are immaterial."[2] *Home Owners' Loan Corporation v. Huffman,* 134 F.2d 314, 318 (8th Cir.1943). *See Spencer v. Moore Business Forms, Inc.,* 87 F.R.D. 118, 119 (N.D.Ga.1980) (plaintiff's reason for dismissal "is of no consequence"). Rather, the "essential question is whether the dismissal of the action will be unduly prejudicial to the defendants...." *Louis, supra,* 92 F.R.D. at 460 (quoting *Harvey Aluminum, Inc. v. America Cyanamid Co.,* 15 F.R.D. 14, 18 (S.D.

N.Y.1953)). *Accord Hamilton, supra,* 679 F.2d at 145 ("In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal."). Legal prejudice to a defendant was explained by the court in *Spencer, supra:*

What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm "manifestly prejudicial to the defendant," *Southern Maryland Agricultural Association of Prince George's County v. United States,* 16 F.R.D. 100, 101 (D.Md.1954); "substantial legal prejudice" to defendant, *Kennedy v. State Farm Mutual Automobile Insurance Company,* 46 F.R.D. 12, 14 (E.D.Ark.1969); and the loss of any "substantial right," *Durham v. Florida East Coast Railway Company, supra,* 385 F.2d [366] at 368 [1967]. The question is whether the granting of plaintiff's motion "infringes the legal or equitable rights of the defendant as shown by the circumstances and facts conceded or undisputed." *Home Owners' Loan Corporation v. Huffman, supra,* 134 F.2d [314] at 318 [1943]. "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc., supra,* 528 F.2d [601] at 603 [1976]. The task for the Court then is to determine how the defendants in this action would be affected by a dismissal without prejudice.

87 F.R.D. at 119–20.

▆▆▆ Frost opposes B & J's motion claiming undue prejudice. First, it claims that a dismissal without prejudice would permit B & J to "leave the threat of [fu-

---

**2.** Nonetheless, B & J's reason for dismissal is persuasive: Frost is not presently producing a commercially viable product in significant quantities to warrant the continued prosecution of this suit. Based on the documents submitted to the court *in camera,* it is clear that Frost's sales of rasp blades in the United States are "mere tokens, not indicative of a genuine mar-

ket presence in this country." *Enka B.V. of Arnhem, Holland v. E.I. Du Pont De Nemours & Co.,* 519 F.Supp. 356, 370 (D.Del.1981). Accordingly, Frost's alleged infringing activities are not serious and immediate and thus a ruling on the validity of B & J's patents would merely serve as an advisory opinion.

ture] litigation hanging over the heads of the Defendants...." Defendants' Motion in Opposition at 3. This ground is without any support as the courts have consistently held that plain legal prejudice does *not* result simply when defendant faces the prospect of a second lawsuit on the identical issues. *See Hamilton, supra,* 679 F.2d at 145; *Tyco Laboratories, Inc., supra,* 627 F.2d at 56; *Holiday Queen Land Corp. v. Baker,* 489 F.2d 1031, 1032 (5th Cir.1974); *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967); *Louis, supra,* 92 F.R.D. at 460; *Spencer, supra,* 87 F.R.D. at 119. Second, Frost argues that a dismissal would be prejudicial since it has "spent time and a great deal of money in conducting discovery" and otherwise preparing for trial. Defendants' Motion in Opposition at 18. This argument is also without any support as "the advanced state of the litigation and the legal and other expenses incurred ... do not mandate a denial of plaintiff's motion...." *Louis, supra,* 92 F.R.D. at 461. "Indeed, such dismissals have been granted on the eve of trial and even after trial has commenced." *Id.* (footnote omitted). *See Hamilton, supra,* 679 F.2d at 146 (significant expense in preparing and filing pleadings does not prevent the granting of a voluntary dismissal). Furthermore, the court is unpersuaded that the discovery in this case has been so extensive that a dismissal would be tantamount to plain legal prejudice. *See Tyco Laboratories, Inc., supra,* 627 F.2d at 56 (citing *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir.1971) ).

Accordingly, B & J's motion to dismiss without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) is granted.

Lastly, Frost has filed a motion to add a counterclaim for declaratory relief. However, B & J's motion to dismiss was served prior to Frost's motion. Accordingly, Frost's motion is denied. *Accord United States v. Professional Air Traffic Controllers Organization,* 449 F.2d 1299, 1300 (3d Cir.1971) (trial court did not abuse its discretion in granting plaintiff's motion to dismiss its suit, notwithstanding defend-ants' counterclaim, since plaintiff's motion to dismiss was served prior to service of defendants' counterclaim). *See* Fed.R. Civ.P. 41(a)(2) ("If a counterclaim has been pleaded by a defendant *prior to the service upon him of the plaintiff's motion to dismiss,* the action shall not be dismissed...." (Emphasis added)).

Accordingly, B & J's motion to dismiss is granted and Frost's motion to add a counterclaim is denied.

IT IS SO ORDERED.