Anthony J. ANGELUCCI

v.

CONTINENTAL RADIANT GLASS
HEATING CORPORATION and
Basil Needham.

Civ. A. No. 69–1946.

United States District Court,.
E. D. Pennsylvania.

Jan. 8, 1971.

Herbert Monheit, Monheit & Rosenfield, Philadelphia, Pa., for plaintiff.

Spencer Ervin, Jr., and W. Bourne Ruthrauff, Tate & Ervin, Philadelphia, Pa., for defendant.

OPINION AND ORDER

WOOD, District Judge.

Plaintiff has moved for a voluntary dismissal pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure. Plaintiff instituted suit in this Court in August, 1969. Defendant, Continental Radiant Glass Heating Corporation (Continental), filed its answer and compulsory counterclaims. However, service by plaintiff on Continental's president, Basil Needham, was quashed for lack of jurisdiction. Plaintiff thereafter commenced an action in New York against the same parties. In that case, plaintiff was able to obtain jurisdiction over both Continental and Mr. Needham. Defendants have moved to dismiss the New York action, partly on the ground that the present action is still pending in this Court. Plaintiff, therefore, wants to dismiss his action in this Court so that he can pursue the New York action in which he can obtain jurisdiction over both defendants. He contends that defendant Continental can still pursue its counterclaim in this Court or in the New York action.

Defendant objects to plaintiff's motion unless it is permitted to pursue its counterclaim in this Court and plaintiff pays the fees incurred by defendant in defending the suit to date and in transcribing plaintiff's deposition.

Federal Rule 41(a) (2) provides that where "a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." As defendant has asserted a compulsory counterclaim, this Court retains jurisdiction over that counterclaim notwithstanding the voluntary dismissal of plaintiff's action. See United States for Use and Benefit of Fairbanks Morse & Co. v. Bero Construction Corporation, 148 F.Supp. 295 (S.D.N.Y.1957). Consequently we shall grant plaintiff's motion and allow defendant to pursue his counterclaim in this Court. The question of the costs for which plaintiff must reimburse defendant will be determined upon final disposition of the merits of defendant's counterclaim.

ORDER

And now, this 8th day of January, 1971, it is ordered that plaintiff's motion for a voluntary dismissal is granted.