### James HAMILTON, as Administrator of the Estate of Gordon Daniel Hamilton, deceased, Plaintiff-Appellee,

v.

### FIRESTONE TIRE & RUBBER COMPANY, INC., Defendant-Appellant.

### No. 81–5360.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1982.

Decided March 26, 1982.

James M. Derr, Belcher, Henzie, Biegenzahn, Chertok & Walker, Los Angeles, Cal., for defendant-appellant.

Dennis R. Spirgen, LaFollette, Johnston, Schroeter & DeHaas, Los Angeles, Cal., for plaintiff-appellee.

Before ELY, NELSON, and CANBY, Circuit Judges.

ELY, Circuit Judge.

Appellant Firestone Tire & Rubber Co., Inc. ["Firestone"] appeals from the District Court's dismissal, without prejudice, of appellee Hamilton's wrongful death/products liability claim pursuant to Fed.R.Civ.P. 41(a)(2). Firestone contends that, because it had filed a counterclaim and cross-claim and had proceeded with discovery, the District Court erred in dismissing the complaint to allow Hamilton to pursue a pending parallel claim in Alabama state court. Firestone contends also that Hamilton should be estopped from requesting dismissal of this action and that the District Court erred in not applying the principles underlying 28 U.S.C. § 1404(a) and *forum non conveniens*.

We affirm.

Rule 41(a)(2) provides that

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Blue Mountain Construction Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert. denied*, 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960). *See also Purer & Company v. Addo*, 410 F.2d 871, 879 (9th Cir.), *cert. denied*, 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84 (1969).

In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979); *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). *See also Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119–20 (N.D.Ga.1980). Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage. *Durham*, 385 F.2d at 368. *See* 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.05[1], at 41–72 to –73 (2d ed. 1981).

Appellant has alleged nothing to show that the District Court failed to consider whether plain legal prejudice might result or that the District Court abused its discretion in granting the dismissal. Appellant has not established plain legal prejudice merely by asserting that it had begun trial preparations. *See Durham*, 385 F.2d at 368–69. Indeed, the District Court addressed and disposed of the issue of possible prejudice by awarding costs to defendant upon dismissal. *See* Excerpt at 139. Further, it is clear that the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice. *See Durham*,

385 F.2d at 368; Moore's Federal Practice, *supra*.[1]

■ Appellant's contention that appellee should have been estopped from requesting a voluntary dismissal, because appellant was put to significant expense in preparing and filing its pleadings, is without merit. The very purpose of Rule 41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant. The rule allows the court to attach conditions to the dismissal, as did the court in this case, to prevent prejudice to the defendant. *See generally* 5 Moore's Federal Practice ¶ 41.06.

Appellant argues that the District Court erred in not applying the principles underlying the federal change-of-venue statute, 28 U.S.C. § 1404(a), and the doctrine of *forum non conveniens* in dismissing the complaint. These contentions are without merit.

■ Section 1404(a) concerns the District Court's power to transfer an action to another District Court, when venue is proper in both courts, "in the interest of justice." 28 U.S.C. § 1404(a). This broad power of the court was not invoked by plaintiff below and is quite distinct from the voluntary discontinuance of an action. *See Westinghouse Electric Corp. v. United Electrical Radio and Machine Workers of America*, 194 F.2d 770 (3d Cir.), *cert. denied*, 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1362 (1952).

■ The doctrine of *forum non conveniens* is equally inapplicable to motions to dismiss under Rule 41(a)(2). The doctrine rests on the principle that a court may resist imposition upon its jurisdiction when the matter may be more conveniently tried in another forum, even when jurisdiction is authorized by the letter of a general venue statute. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In passing on a plaintiff's request to remove himself from the jurisdiction of the court, the court is not asked to decide whether its jurisdiction is proper and convenient. The District Court, therefore, did not err in failing to consider expressly the doctrine of *forum non conveniens* in connection with the motion under Rule 41(a)(2).[2]

■ Finally, appellant has contended for the first time during oral argument that the District Court was prevented from granting dismissal under Rule 41(a)(2) because appellant's compulsory counterclaim could not remain pending for independent adjudication. Since appellant failed to urge this point in the hearing before the District Court, *see* Excerpt at 127–35, and failed to argue the point in its brief on appeal, this Court may deem the issue waived. *See Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981); *United States v. Puchi*, 441 F.2d 697, 703 (9th Cir.), *cert. denied*, 404 U.S. 853, 92 S.Ct. 92, 30 L.Ed.2d 92 (1971).[3]

AFFIRMED.

---

1. The District Court even suggested that it would be equally as inconvenient to the plaintiff to try the suit in Alabama. *See* Excerpt at 133. Thus, the District Court implicitly rejected appellant's claim that appellee may gain some tactical advantage by trying the case in Alabama. Mere tactical advantage, in any case, is not enough to establish plain legal prejudice. *See Durham*, 385 F.2d at 368.

2. Moreover, the transcript of the hearing on the motion indicates the District Court did, in fact, consider the inconvenience of the forum in determining whether there would be prejudice to the defendant. After hearing appellant's argument that considerations of *forum non conveniens* should apply, the District Court reasoned that, although California might be a more convenient forum, any inconvenience from litigating the matter in Alabama would fall on both parties. *See* Excerpt at 131–33.

3. Even if we were to address this point, appellant's argument is without merit. Where there is federal jurisdiction over plaintiff's claim the court may retain and adjudicate a compulsory counterclaim under Fed.R.Civ.P. 13 of which it would not otherwise have had jurisdiction, notwithstanding that plaintiff had voluntarily dismissed his complaint. 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.09, at 41–109 (2d ed. 1981). *See Angelucci v. Continental Radiant Glass Heating Corp.*, 51 F.R.D. 314 (E.D.Pa.1971).