914 F.2d 261
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alexander ALMOIAN, individually and as Trustee for The Don
Brandel Plumbing, Inc., Pension and Profit Sharing Trust,
Don Brandel, individually and as Trustee for the Don Brandel
Plumbing, Inc., Pension and Profit Sharing Trust, Mas
Yoshida, individually and as Trustee for the Growers
Wholesale Florists, Inc., Profit Sharing Trust, The Kay S.
Laird Tr., Kay S. Laird, Trustee, et al., Plaintiffs-Appellees,
v.
Daniel L. PLIES, individually and dba the Plies Company, et
al., Defendant,
and
John Riggins, individually and dba the Riggins Construction
and Management Company, Inc., Defendant-Appellant.
 
 1
 No. 89-55133.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted June 5, 1990.
Decided Sept. 18, 1990.
 
 3
 Before JAMES R. BROWNING and PREGERSON, Circuit Judges, and COPPLE*, District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Plaintiffs sued in state court alleging both federal and state claims. Defendants removed the case to federal court and filed a counterclaim. After over a year of discovery and pretrial motions, the district court granted plaintiffs' motion to dismiss their federal question claims without prejudice, remanded the pendent state law claims, including defendants' counterclaim, to state court, and denied defendants an award of fees or costs. Defendants timely appeal.[1] We affirm the dismissal and remand to state court, but reverse the denial of fees and costs.
 
 
 6
 1. Remand of the pendent claims to state court
 
 A. Availability of review
 
 7
 Remand orders entered under 28 U.S.C. Sec. 1447(c) for lack of subject matter jurisdiction are not reviewable. 28 U.S.C. Sec. 1447(d); Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 342-43 (1976). However, where, as here, a court remands claims over which it has pendent jurisdiction, the remand is reviewable. Id. at 345-46, 350-52; Scott v. Machinists Automotive Trades Dist. Lodge 190, 827 F.2d 589, 592 (9th Cir.1987).
 
 
 8
 Review of a remand order generally must be by writ of mandamus, not appeal. Price v. PSA, Inc., 829 F.2d 871, 874 (9th Cir.1987). This case does not fall within the narrow class of cases in which a remand order may be reviewed by appeal because the order also resolves the merits of a dispute of substantive law apart from any jurisdictional issue, as was the case in Clorox v. U.S. Dist. Ct. for N.D. of Calif., 779 F.2d 517, 520 (9th Cir.1985), and Pelleport Investors, Inc. v. Budco Quality Theaters, Inc., 741 F.2d 273, 276-77 (9th Cir.1984). Here the court decided no substantive issues; it merely declined to exercise pendent jurisdiction.
 
 
 9
 The cases in this court requiring review through a writ of mandamus predate the Supreme Court's decision in Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988). In Carnegie-Mellon, the Court held that, rather than dismissing the case and requiring the plaintiff to refile in state court, a district court could remand a removed case involving pendent claims. Id. at 357. The Court preferred remand to dismissal in part because it saved both litigants and state courts the time and expense of refiling the case in state court. Id. at 353. Appellants argue that because under Carnegie-Mellon the remand order is simply a substitute for a dismissal, and because they could have appealed a dismissal, they should be allowed to appeal the remand.
 
 
 10
 We need not resolve the issue. We may treat an appeal as a petition for a writ of mandamus. In re Allen, 896 F.2d 416, 419 (9th Cir.1990); Rothner v. City of Chicago, 879 F.2d 1402, 1418 (7th Cir.1989); Beard v. Carrollton R.R., 893 F.2d 117, 120 (6th Cir.1989). We will do so in this case.
 
 B. Merits
 
 11
 The decision whether to retain jurisdiction over the pendent claims or remand them to state court requires the federal court to weigh the values of judicial economy, convenience, fairness, and comity. Carnegie-Mellon, 484 U.S. at 357. Although not a per-se rule, see Rosado v. Wyman, 397 U.S. 397, 403-05 (1970), when the federal claims have dropped from the suit the balance of these values usually will point toward declining to exercise jurisdiction over the remaining state-law claims, especially where the federal claims have dropped out early in the case or where state issues substantially predominate. Carnegie-Mellon, 484 U.S. at 350 and n. 7; Les Schockley Racing v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989).
 
 
 12
 The remaining claims in this case are best decided by a state court. It is true that after nearly two years of litigation, extensive discovery and pretrial motions, this case is not in its "early stages," UMW v. Gibbs, 383 U.S. 715, 726-27 (1966). However, a remand to the district court for a determination of fees and costs to appellants will remove any unfairness to appellants. The district court could properly find that in all other respects judicial economy, convenience and comity would be served by a remand.
 
 
 13
 Appellants contend the existence of a compulsory counterclaim precludes the district court from dismissing plaintiffs' federal question claims under Rule 41(a)(2) or allows the court to do so only if it retains jurisdiction over the counterclaim. This is not so.
 
 
 14
 The district court dismissed only the federal claims under Rule 41, retaining jurisdiction over the state law claims, including appellants' counterclaim. The court may retain and adjudicate a compulsory counterclaim over which it would not otherwise have jurisdiction, notwithstanding that plaintiffs have voluntarily dismissed their complaint. 5 Moore, Lucas & Wicker, Moore's Federal Practice 41.09 at 41-98 (2d ed. 1988); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 146 n. 3 (9th Cir.1982). Since the court retained the power to hear appellants' counterclaim, it did not violate Rule 41(a)(2) in dismissing the federal claims.
 
 
 15
 However, having correctly decided it retained pendent jurisdiction over the state law counterclaim, the district court was not obliged to exercise that pendent jurisdiction; the decision not to do so was within its discretion. In Re Nucorp Energy Sec. Litig., 772 F.2d 1486, 1491 (9th Cir.1985). The district court did not abuse its discretion in deciding that the counterclaim, based entirely on state law, was better adjudicated in state court.
 
 2. Dismissal of the federal question claims
 
 16
 An order granting voluntary dismissal of some or all of the plaintiffs' claims without prejudice will not be disturbed absent an abuse of discretion. Stevedoring Services of America v. Armilla Int'l, 889 F.2d 919, 921 (9th Cir.1989).[2] Although the court's dismissal of some rather than all of the claims technically may have constituted a Rule 15 amendment rather than a dismissal, it is subject to the court's discretion under the same conditions as a Rule 41 voluntary dismissal of the entire action. 5 Moore's Federal Practice at 41-83.
 
 
 17
 A plaintiff has a right to dismissal without prejudice so long as the defendant will not be prejudiced or unfairly affected. Stevedoring Services, 889 F.2d at 921. Prejudice does not result simply when a defendant faces the prospect of a second lawsuit or plaintiff gains some tactical advantage. Hamilton, 679 F.2d at 145. Appellants claim no other prejudice beyond the delay and expense of a second suit.
 
 
 18
 Though courts are not required to do so, they often redress the expense to the defendant by awarding fees and costs as a condition of dismissal. Stevedoring Services, 889 F.2d at 921; 5 Moore's Federal Practice at 41-74; see Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir.1980). Here, the district court gave no reason for denying such fees and costs. Appellants will clearly be harmed by the dismissal, since at least a part of the product of nearly two years of work done in connection with the federal court action will be unusable in the state action. We therefore reverse the denial of fees and costs, and remand to the district court with instructions to award appellants an amount sufficient to compensate for fees and costs incurred for work that will be unusable in the state court action.[3]
 
 
 19
 The dismissal is AFFIRMED, the petition for a writ of mandamus to remand the state claims is DENIED, and the case is REMANDED for a determination of appropriate fees and costs to appellants.
 
 
 
 *
 The Honorable William P. Copple, Senior United States District Judge, District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59 within 30 days of the court's dismissal and remand. That motion was denied on January 9, 1989. On January 19, 1989, within the 30 days required by Fed.R.App.P. 4(a)(4), defendants timely filed this appeal
 
 
 [2]
 Appellee argues that appellants have no standing to appeal dismissal of the federal claims, citing In Re Romulus Community Schools, 729 F.2d 431, 441 (6th Cir.1984). Romulus is inapplicable; it addressed the standing issue only in the context of a class action in which defendants sought to assert the rights of absent class members. Id
 
 
 [3]
 Plaintiffs argue the district court correctly refused to grant fees and costs because defendants failed to appeal previous rulings by the district court denying sanctions. However, the fees and costs involved here are totally separate from the sanctions previously sought by defendant for alleged infractions by plaintiff in the course of discovery. They are to be imposed not as sanctions but in the context of Fed.R.Civ.P. 41(a)(2) (voluntary dismissal permitted "upon such terms and conditions as the court deems proper")