132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter LYNCH, Plaintiff-Appellant,
v.
Victor HARRIS; Jasmine Mgrdichian; Haig Papaian; George
Tumanjan; Harvey Ross; California Commerce Club,
Inc., a California Corporation,
Defendants-Appellees.
 No. 96-56670, 96-56775, 96-56826.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 1, 1997.**
Decided Dec. 11, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV 95-02586-JGD-RNB, John G. Davies, District Judge, Presiding.
 
 
 2
 Before: HALL, BRUNETTI and RYMER, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Peter Lynch, a shareholder and former director of the California Commerce Club ("the Club"), appeals the district court's summary judgment in favor of the Club and certain of its directors in Lynch's action alleging violations of the Racketeer influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.1961 et seq., and state law breach of fiduciary duties. Viewing the evidence in the light most favorable to Lynch, we find that no genuine issues of material fact exist and that the district court correctly applied the law. We therefore affirm.
 
 
 5
 * Lynch -first contends that the district court committed reversible error when it denied his "application" to dismiss without prejudice his second claim for relief, alleging breach of fiduciary duties. As all defendants had already filed answers, and motions for summary judgment were pending, Lynch could only move for dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure.
 
 
 6
 In ruling on a motion for voluntary dismissal under Rule 41(a)(2), the district court "must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir.1982). The mere prospect of a second lawsuit does not constitute sufficient legal prejudice. See id. Rather, legal prejudice requires "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir.1996).
 
 
 7
 The district court relied on three factors in denying Lynch's application for dismissal without prejudice of his second claim for relief: (1) defendants had already incurred substantial expense in defending against the second claim; (2) defendants' interests would be compromised in any future suit for malicious prosecution if the claim were dismissed without prejudice; and (3) Lynch's unjustified delay in seeking dismissal had left defendants with virtually no time to respond and present evidence of legal prejudice.
 
 
 8
 Whether or not any one of these factors, standing alone, constitutes sufficient legal prejudice to support the denial of Lynch's application, the cumulative weight of these factors is more than adequate. Lynch had already withdrawn a third claim for relief, alleging intentional infliction of emotional distress, after defendants had moved for summary judgment on that claim. The district court had continued the hearing on defendants' motions for summary judgment on the second claim for the express purpose of allowing Lynch more time to prepare his opposition. Lynch sought dismissal of the claim without prejudice only after the extended time within which Lynch could file his opposition had expired, and without justifying his need for dismissal or the cause for his excessive delay in seeking dismissal. In light of Lynch's repeated dilatory tactics, we hold that the district court did not abuse its discretion in denying Lynch's application.
 
 II
 
 9
 Lynch filed no opposition to defendants' motions for summary judgment on his second claim for relief, in violation of Central District Local Rule 7.6.[1] Pursuant to Local Rule 7.9, the district court construed Lynch's failure to file opposition papers as consent to summary judgment and granted default summary judgment to defendants.[2] Because defendants sustained their burden of showing the absence of evidence to support Lynch's claim, see Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), we review the district court's grant of summary judgment for failure to comply with the local rules for an abuse of discretion. See Marshall v. Gates, 44 F.3d 722, 724-25 (9th Cir.1995); United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979).
 
 
 10
 Lynch's complaint was filed one, and one-half years before summary judgment, leaving Lynch ample time to conduct discovery and prepare for trial. Moreover, the court, had ordered a continuance of defendants' summary judgment motions for the express purpose of allowing Lynch time to prepare an opposition. Lynch did not prepare an opposition, but instead filed a last-minute application to dismiss the second claim for relief without prejudice. Under these circumstances, the district court's default summary judgment was not an abuse of discretion.
 
 
 11
 Summary judgment was also proper on the merits. After defendants had shown the absence of evidence to support Lynch's second claim, Lynch failed to file any opposition, timely or untimely, to establish a genuine issue of material fact with respect to his second claim for relief. Lynch was not entitled to rest upon the mere allegations of his pleading to survive summary judgment. See Fed. R. Civ. Proc. 56(e).
 
 III
 
 12
 Finally, Lynch contends that the district court improperly granted summary judgment to all. defendants on Lynch's first claim for relief, which alleged various RICO violations. We disagree.
 
 
 13
 The district court did not err in failing to consider Lynch's untimely opposition to the summary judgment motions of defendants Mgrdichian and the Club, noticed for October 21, 1996. See Central Dist. Local Rules 7.6, 7 9. Because Mgrdichian and the Club satisfied their burden of showing an absence of evidence to support Lynch's RICO claim, the granting of default summary judgment to defendants Mgrdichian and the Club for failure to comply with the local rules was within the district court's discretion. See Gates, 44 F.3d at 724-25; Warren, 601 F.2d at 474.
 
 
 14
 Summary judgment was also proper with respect to the remaining defendants. The district court exercised its discretion to consider Lynch's untimely opposition to the motions noticed for October 21, 1996, in ruling on the motion of defendants Tumanjan and Ross, which was re-noticed for November 4, 1996. However, neither Lynch's memorandum of points and authorities nor his statement of factual issues identified specific admissible evidence in the record that established a genuine issue of material fact.[3] The district court was not required to further scour the voluminous materials submitted by Lynch to ensure that the record was bereft of a genuine issue of material fact. See Schneider v. TRW, Inc., 938 F.2d 986, 990 n. 2 (9th Cir.1991); Nisson,., Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir.1988) (per curiam).[4]
 
 
 15
 Accordingly, we conclude that Lynch failed to identify any genuine issues of material fact for trial, and summary judgment was appropriate. See Fed. R. Civ. Proc. 56(e); Matsushita Electrical Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 16
 AFFIRMED.
 
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Local Rule 7.6 provides in relevant part
 Each opposing party shall, not later than fourteen (14) days before the date designated for the hearing of the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that he will not oppose the motion.
 
 
 [2]
 Local Rule 7.9 provides: "Papers not timely filed by a party including any memoranda or other papers required to be filed under this rule will not be considered and may be deemed by the Court consent to the granting or denial of the motion, as the case may be."
 
 
 [3]
 The specific evidence that Lynch did identify in his opposition papers establishes, at most, a factual dispute concerning campaign contributions made in violation of California election law. However, these violations of state election law, even if true, would not constitute "racketeering activities" under RICO. See 18 U.S.C. § 1961(1)
 
 
 [4]
 Given Lynch's dilatory tactics throughout the case, the district court did not abuse its discretion in denying Lynch's ex parte application for an order continuing the trial date, pre-trial conference, and hearing on defendants' motion for summary judgments on the first claim for relief