Richard A. BADER, et al., Plaintiffs,

v.

ELECTRONICS FOR IMAGING, INC., et al., Defendants.

No. C–97–4739–CAL.

United States District Court, N.D. California.

Aug. 7, 2000.

James E. Tullman, Weiss & Yourman, Los Angeles, CA, Joseph H. Weiss, Weiss & Yourman, New York City, William S. Lerach, Lisa C. Atkinson, Milberf, Weiss, Bershad, Hynes & Lerach, San Francisco, CA, Edward M. Gergosian, Barrack, Rodos & Bacine, San Diego, CA, for Plaintiffs.

Boris Feldman, Douglass J. Clark, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for Defendants.

## ORDER ON MOTIONS

LEGGE, District Judge.

Three motions are presently pending before this court: (1) plaintiffs' motion to voluntarily dismiss this action; (2) plaintiffs' motion to dismiss defendants' counterclaim for declaratory relief; and (3) defendants' motion to amend their counterclaim. The motions have been briefed, argued and submitted for decision. The court has reviewed the record of the case, the moving and opposing papers on these motions, the arguments of counsel, and the applicable authorities.

### I.

*Plaintiffs' motion to voluntarily dismiss this action*

This case has previously been certified as a class action under Rule 23 of the Federal

Rules of Civil Procedure. When plaintiffs moved to voluntarily dismiss the action, this court required plaintiffs' class counsel to give notice to the class of the proposed dismissal. That was done. No objections were made by any of the class members, and there has been no request by any class member to take over the management and prosecution of this case.

### A.

Plaintiffs want to dismiss this action, and to instead proceed in state court with an action, *Steele v. Electronics for Imaging,* that is pending in the San Mateo Superior Court of the State of California. The *Steele* complaint alleges that Electronics for Imaging and its officers and directors violated California's securities statutes and common law. The alleged wrongs are the same as are alleged in this case, but the causes of action in *Steele* are based entirely on state law and not on federal law. The state court has certified a nationwide class, which is essentially identical to the class in this action. The *Steele* action has been actively prosecuted by plaintiffs, and the state court has been exercising its jurisdiction.

This federal action was filed approximately two weeks after the state action. The causes of action in this complaint allege violations of the federal securities laws, for the same conduct that is alleged in the state action. No state law causes of action are alleged in this complaint, but defendants have filed a counterclaim seeking declaratory relief with respect to state law causes of action. As stated, the class alleged in this case is essentially the same as in the state case. This federal case was stayed for some time, awaiting the decision of the Ninth Circuit in *In re Silicon Graphics Inc.,* 183 F.3d 970 (9th Cir.1999).

### B.

Since defendants have answered and counterclaimed, plaintiffs' motion to dismiss this action is governed by FRCP 41(a)(2).

Rule 41(a)(2) requires an order from the court before plaintiffs may dismiss their complaint. Fed.R.Civ.P. 41(a)(2). But the rule leaves the courts to establish the standard to determine when dismissal is proper. The Ninth Circuit has settled on such a standard. In *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982), plaintiff moved for voluntary dismissal under Rule 41(a)(2) to pursue a pending parallel state claim. The district court granted plaintiff's motion and Firestone appealed, arguing that plaintiff's voluntary dismissal should have been denied, because Firestone had filed a counterclaim and had proceeded with discovery. The appellate court determined that the standard for voluntary dismissal is whether "the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* The court further explained that standard, stating that "[p]lain legal prejudice" requires more than "the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Id.; see also Veina v. Sutter Hotel Assocs.,* No. 98–0980 SI, 1998 WL 822773, at *3 (N.D.Cal.1998) (finding that tactical advantage resulting from more lenient state court discovery rules did not amount to plain legal prejudice). The *Hamilton* court further stated that "it is clear that the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." 679 F.2d at 145. Based on this standard, the court found that Firestone suffered no legal prejudice from dismissal, despite the fact that Firestone had spent significant sums opposing plaintiff's federal case and had begun trial preparations. *Id.* at 145–46.

The Ninth Circuit later re-affirmed and elaborated on *Hamilton* in *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir.1996). The plaintiffs there moved for voluntary dismissal under Rule 41(a)(2), but the district court denied the motion. The appellate court reversed and cited *Hamilton* for the proposition that "[w]hen ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* (citing *Hamilton,* 679 F.2d at 145; *Hyde & Drath v. Baker,* 24 F.3d 1162, 1169 (9th Cir.1994)). The court continued: "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in fu-

ture litigation." *Id.* at 97. To establish legal prejudice, the defendant must show "prejudice to some legal interest, some legal claim, some legal argument." *Id.* But "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation ... causes uncertainty" does not result in plain legal prejudice. *Id.* at 97, 96; *see also Veina,* 1998 WL 822773, at *3 (stating that "a lost opportunity to resolve a dispute does not constitute legal prejudice"). And the fact that dismissal will result in the loss of the federal forum does not necessarily amount to plain legal prejudice. *See id.* at 97 (citing *American Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir.1991). ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice....")). The *Westlands* court found that defendant would not suffer legal prejudice by dismissal and reversed the district court. *See id.* at 98; *see also Burnette v. Godshall,* 828 F.Supp. 1439, 1443 (N.D.Cal.1993) (granting plaintiff's voluntary dismissal of a RICO claim because it did not amount to legal prejudice, although it was a tactical maneuver to avoid federal jurisdiction).

## C.

■ In the present case, as in *Hamilton,* plaintiffs request voluntary dismissal to pursue a pending parallel state action. Under the Ninth Circuit precedent cited above, while a change from federal to state court might create a tactical disadvantage to defendants, that is not legal prejudice. The prospect of a second lawsuit (which here is really the first lawsuit, since plaintiffs filed the *Steele* action before the case at bar) also does not amount to plain legal prejudice. In addition, defendants cannot argue legal prejudice from high litigation costs, because discovery here has not begun, defendants have not commenced trial preparations, and no motions challenging the merits of this case have come before the court.

## D.

Defendants argue that they will suffer legal prejudice because plaintiffs brought this action under the federal Private Securities Litigation Reform Act, which affords defendants certain procedural and substantive protections. Defendants therefore argue that they would lose those protections of the PSLRA if the court grants plaintiffs' motion, and would lose the benefit of a *res judicata* determination if defendants are successful in this action under the PSLRA.

However, the Ninth Circuit recently recognized that the PSLRA affected the procedural aspects of securities litigation in federal court, but did nothing to the substantive elements of a securities fraud action. *See In re Silicon Graphics Inc.,* 183 F.3d at 974. The court stated "Congress sought to reduce the volume of abusive federal securities litigation by erecting procedural barriers to prevent plaintiffs from asserting baseless securities fraud claims." *Id.* at 977. The court went on to state "Congress designed the PSLRA to deter non-meritorious lawsuits by creating procedural barriers such as heightened pleading standards". *Id.* at 978. As discussed above, the decision to litigate in state rather than federal court is a tactical move which plaintiffs may make and which, under *Hamilton* and *Westlands,* does not result in legal prejudice to defendants. And even defendants do not assert that this action would be governed entirely by the federal securities law, since defendants have filed a counterclaim which seeks a determination of their rights and duties under state law for the same conduct.

Defendants point to three Ninth Circuit cases which denied voluntary dismissal because of legal prejudice. *In re Exxon Valdez,* 102 F.3d 429, 431–32 (9th Cir.1996); *Terrovona v. Kincheloe,* 852 F.2d 424, 429–30 (9th Cir.1988); *Russ v. Standard Ins. Co.,* 120 F.3d 988, 989 (9th Cir.1997). While defendants are correct that those cases are instances of the denial of Rule 41(a)(2) motions, they are distinguishable from the present case. In *Exxon* plaintiffs had lost their right to voluntary dismissal because of their abuse of the discovery process; while discovery has not begun in the present case. In *Terrovona,* the district court was ready to make its determinations on the merits of a habeas petition; but no motions on the mer-

its of the present case are before this court. And contrary to *Russ,* plaintiffs here are not asking the court to do something under Rule 41(a)(2) which they are prohibited from doing under another federal rule.

### E.

This court concludes that plaintiffs are entitled to dismiss this action. Notice has been given to the class, and there have been no objections by class members and no attempts by class members to assume control of this litigation. The state court litigation, which was filed first, deals with the same alleged misconduct. The plaintiff class should be entitled to abandon its federal claims if it desires to do so. The action will then proceed in state court, entirely on the state causes of action. Defendants will be obliged to defend the state court action, but they are already doing so. And the court concludes that defendants' loss of certain procedural protections under the PSLRA in this case is not sufficient to constitute legal prejudice.

### F.

 The parties then dispute whether this dismissal should be with or without prejudice. Under Rule 41(a)(2), this court has discretion to dismiss with or without prejudice, but unless otherwise ordered the dismissal is to be without prejudice.

The terms "with prejudice" and "without prejudice" are subject to various meanings, depending upon their context. In the context of this case, "prejudice" could refer to: (a) whether plaintiffs can refile their action in this court, (b) whether plaintiffs would be barred from litigating any claims in state court, because this action involves the same alleged wrongs, or (c) whether the federal causes of action could hereafter be asserted in state court.

The court concludes that this action should be dismissed with prejudice in the following two respects. First, plaintiffs can not hereafter reassert these causes of action in a federal court. Second, plaintiffs cannot assert these federal claims in their state court action; indeed, they are undoubtedly prohibited from doing so by 15 U.S.C. § 78aa. However, the dismissal is without prejudice

to plaintiffs' asserting their state law causes of action in the state court case, even though based upon the same conduct alleged in this federal action.

### II.

*Defendants' counterclaim*

As noted, defendants have filed a counterclaim. And Rule 41(a)(2) provides that when a counterclaim has been filed, the action should not be dismissed unless the counterclaim can remain pending for independent adjudication by the court. Plaintiffs nevertheless move to dismiss the defendants' counterclaim. And defendants seek to amend it to add additional parties.

It is first important to note what the counterclaim is. It is one for *declaratory relief,* on the *state law* causes of action. It in essence seeks a determination that defendants have no liability under *state* law.

Plaintiffs argue that notwithstanding the language of Rule 41(a)(2), this court can and should dismiss the counterclaim because this court should decline to exercise its supplemental jurisdiction over the declaratory relief counterclaim. Under 28 U.S.C.A. § 1367 exercising supplemental jurisdiction is within discretion of district court. And under 28 U.S.C.A. § 2201 entertaining a declaratory relief action is within discretion of district court.

When deciding whether to exercise jurisdiction over a declaratory relief claim that asks the court to determine issues of state law, the Ninth Circuit refers *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), as providing the factors to consider. *See, e.g., Continental Cas. Co. v. Robsac Indus.,* 947 F.2d 1367, 1371 (9th Cir.1991); *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1367 (9th Cir.1991); *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998). In *Brillhart,* the plaintiff brought a declaratory relief action in federal court to determine its rights under an insurance contract, when a pending suit in state court presented the same issue. 316 U.S. at 492–93, 62 S.Ct. 1173. The district court dismissed the action, but the cir-

cuit appellate court reversed. *See id.* at 494–95, 62 S.Ct. 1173.

■ The Supreme Court then said:

Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* at 495, 62 S.Ct. 1173. The Supreme Court noted that the decision to dismiss a declaratory relief action was within the discretion of the district court. *See id.* at 494, 62 S.Ct. 1173. The Court remanded to the district court and outlined various factors for the district court to consider. *See id.* at 495–98, 62 S.Ct. 1173. As expressed by the Ninth Circuit, those factors are: (1) whether exercising jurisdiction over the declaratory action would require the court to "needlessly determine issues of state law;" (2) whether the "declaratory judgment action [is] a means of forum shopping;" and (3) whether exercising jurisdiction over the declaratory action would defeat "a policy of avoiding duplicative litigation." *Continental,* 947 F.2d at 1371.

■ Applying the first factor to the present case, defendants' counterclaim asks the court to determine whether "the facts as alleged in the Complaint are ... sufficient to plead violations of California Corporations Code §§ 25400 and 25500." (Defs.' First Am. Answer and Countercl. at 13.) The *Steele* action in state court of course presents the same issues. Since California law will govern, that determination is better left to the California state court in which the issues are already pending. If this court were to exercise jurisdiction over defendants' counterclaim, it would have to "needlessly determine issues of state law." *Continental,* 947 F.2d at 1371.

With regard to the second factor, defendants filed their counterclaim after plaintiffs filed the *Steele* complaint. The counterclaim presents the same issues of state law as in *Steele.* Under *Continental,* defendants'

counterclaim is "reactive" and constitutes forum shopping. *See id.* at 1371–72.

As to the third factor, all of the issues that defendants present in their counterclaim for declaratory relief are at issue in *Steele.* In fact, since the state court overruled defendants' demurrer in *Steele* and required defendants to answer the complaint, the state court is addressing those issues. If this court were to retain supplemental jurisdiction over the counterclaim, the court would engage in duplicative litigation and waste judicial resources. That could also result in possibly inconsistent decisions.

This court therefore declines to exercise its discretion to entertain the counterclaim for a declaration of defendants' rights under state law. For the same reasons, the court also denies defendants' motion to amend the counterclaim, which seeks to add additional parties.

### III.

#### *Sanctions*

■ Defendants request the court to impose sanctions in the form of attorneys' fees and costs. Defendants argue two justifications for sanctions. First, defendants assert that the PSLRA requires mandatory judicial review of whether the parties have complied with Fed.R.Civ.P. 11(b). *See* 15 U.S.C.A. § 78u–4(c)(1). Defendants claim that sanctions are proper under Rule 11(b) because of plaintiffs' "unnecessary jockeying between state and federal court, tactics which have forced defendants to incur substantial legal fees and costs." However, defendants would have incurred even more fees and costs in *this* case if plaintiffs had filed all of their claims in this action, as defendants claim plaintiffs should have done. In addition, plaintiffs should not be sanctioned under Rule 11(b) for their inability to predict the outcome of *Silicon Graphics* or *Diamond Multimedia Systems Inc. v. Superior Court,* 19 Cal.4th 1036, 80 Cal.Rptr.2d 828, 968 P.2d 539 (1999).

Defendants also argue that the court may condition its grant of voluntary dismissal upon payment of attorneys' fees and costs. While "the expense incurred in defending

against a lawsuit does not amount to legal prejudice," the Ninth Circuit has found that, under Rule 41(a)(2), "defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands*, 100 F.3d at 97 (citing *Hamilton*, 679 F.2d at 146). In *Westlands*, the court acknowledged that the imposition of attorneys' fees and costs is discretionary under Rule 41(a)(2). *See id.* at 97–98. The *Westlands* court instructed the district court that, if it should impose fees and costs, "defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Id.* at 97.

This court declines to exercise its discretion to impose attorneys' fees and costs. The issues in these two cases are on the borderline of federal and state court jurisdiction over securities actions. In such a dynamic, it is difficult for a litigant to predict the development of federal and state statutory and case law. Plaintiffs filed this federal action in good faith. Defendants are now rid of the federal causes of action in both courts. And defendants are of course relieved of the obligation of defending essentially the same litigation in two courts. In addition, the pretrial procedures in this federal case have not been nearly as extensive as the discovery and motions in *Steele*. Apparently all of the discovery between the parties has been conducted in that forum.

### IV.

For the reasons stated:

(1) Plaintiffs' motion to dismiss the complaint is granted, with prejudice to refiling in this court and with prejudice to reasserting federal causes of action in the state court action, but without prejudice to pursuing the state law causes of action in the *Steele* case.

(2) Plaintiffs' motion to dismiss the counterclaim is granted, and defendants' motion to amend the counterclaim is denied.

(3) Defendants' motion for sanctions is denied.

IT IS SO ORDERED.