**MAXUM INDEMNITY INSURANCE COMPANY, Plaintiff–counter-defendant,**

v.

**A–1 ALL AMERICAN ROOFING CO.; Peter Borawski, Defendants–counter-claimants—Appellants,**

v.

**Rebecca Perkins, d/b/a Insurance Warehouse, Counter–defendant—Appellee.**

**No. 07–55396.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 3, 2008.

---

Lance David Orloff, Grant, Hanley, Genovese & Baratta, Irvine, CA, for Defendants–counter–claimants–Appellants.

Robert Cooper, Esquire, Steven J. Joffe, Esquire, Wilson Elser Moskowitz Eldelman & Dicker LLP, Los Angeles, CA, for Counter–defendant–Appellee.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,* Senior District Judge.

MEMORANDUM **

Appellant A–1 All American Roofing Co. and its president, Peter Borawski, (collectively "A–1") appeal the district court's rulings in favor of Appellee Rebecca Perkins dba Insurance Warehouse ("Perkins"). The district court denied A–1's Rule 41(a)(2) motion for voluntary dismissal of its Rule 14(a) third-party claim against Perkins and instead dismissed this claim with prejudice. The district court then granted summary judgment to Perkins on her counterclaim for attorneys' fees under the indemnification clause in her insurance quote. A–1 appeals the denial of the motion for voluntary dismissal and the grant of summary judgment to Perkins. The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

■ We affirm the district court's dismissal of A–1's Rule 14(a) claim with prejudice. "[We have] long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996). Legal prejudice is prejudice to "some legal interest, some legal claim, [or] some legal argument." *Id.* at 97. A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling. *See Terrovona v. Kincheloe,* 852 F.2d 424, 429 (9th Cir.1988). Prior to A–1's motion to dismiss under Rule 41(a)(2), the district court had indicated to both parties how it planned to rule on A1's claim against Perkins. The court thus acted within its discretion in dismissing A1's claim with prejudice.

■ We hold the attorneys' fees question moot and vacate the district court's February 22, 2007 summary judgment order on that point under *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Perkins never properly filed for attorneys' fees after winning summary judgment on her claim for attorneys' fees, so the appeal of this issue is now moot. "The established practice ... in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id.* at 39, 71 S.Ct. 104. A–1 has requested that we vacate and dismiss. "[T]o prevent a judgment, unreviewable because of mootness, from spawning any legal consequences" that we cannot now foresee, *id.* at 41, 71 S.Ct. 104, we grant A1's request.

AFFIRMED in part; DISMISSED and VACATED in part. Costs to Appellee Perkins.