Clayton CLOUSE, Jr., Plaintiff,

v.

**BIG SANDY REGIONAL DETENTION CENTER, et al., Defendants.**

Civil Action No. 11–162–KKC.

United States District Court,
E.D. Kentucky,
Southern Division,
Pikeville.

Feb. 14, 2013.

Clayton Clouse, Jr., Lagrange, KY, pro se.

Jonathan C. Shaw, Porter, Schmitt, Banks & Baldwin, Paintsville, KY, for Defendants.

## ORDER

KAREN K. CALDWELL, District Judge.

This matter is before the Court on the Motion for Voluntary Dismissal of Complaint (DE 62) filed by the Plaintiff. The Magistrate Judge has filed a Recommended Disposition in which he recommends that this action be dismissed without prejudice. The Court has reviewed the recommendation and agrees with it. Accordingly, the Court hereby ORDERS as follows:

1) the Magistrate Judge's Recommended Disposition (DE 65) is ADOPTED as the Opinion of the Court;

2) the Plaintiff's Motion for Voluntary Dismissal of Complaint (DE 62) is GRANTED;

3) the Magistrate Judge's Recommended Disposition of January 2, 2013 (DE 56) is VACATED;

4) the Defendant's Motion to Dismiss (DE 52) is DENIED as moot;

5) the Plaintiff's Motion for Continuance (DE 59) is DENIED as moot; and

6) this action is DISMISSED without prejudice.

## RECOMMENDED DISPOSITION

HANLY A. INGRAM, United States Magistrate Judge.

Plaintiff Clayton Clouse, Jr. has filed a Motion for Voluntary Dismissal of Complaint. D.E. 62. Defendants have responded that they have no objection to the dismissal of this action. D.E. 64. For the reasons set forth herein, the Court **RECOMMENDS** that Plaintiff's Motion (D.E. 62) be **GRANTED** and that this action be **DISMISSED without prejudice.** Because the Motion for Voluntary Dismissal moots all pending motions, the Court **RECOMMENDS** that they be **DENIED** as moot.

On January 2, 2013, the undersigned issued a Recommended Disposition recommending that the District Judge grant Defendants' motion to dismiss this action. D.E. 56. This recommendation was based upon Plaintiff's failure to respond to Defendants'

motion to dismiss, as well as Plaintiff's failure to advise the Court of his current mailing address. *Id.* On January 22, 2013, Plaintiff filed a Motion for Continuance, in which he stated that he was transferred from Grayson County Detention Center to Muhlenberg County Detention Center, where he was placed "in segregation on lock down status," and, according to Plaintiff, he "was not allow[ed] any items at all in his cell, and could not correspond to said court about his address change and/or fullfill [sic] any time limits set by this Honorable Court." D.E. 59 at 2. Based upon these facts, Plaintiff requested that the Court allow his case to continue. Plaintiff also filed a Notice of Address Change, in which he noted that he was then being housed at the Kentucky State Reformatory in LaGrange, Kentucky. D.E. 58.

Defendants responded in opposition to the Motion for Continuance, and requested that the Court adopt the undersigned's January 2, 2013 Recommended Disposition and dismiss this action. D.E. 60. Shortly thereafter, on February 7, 2013, Plaintiff filed a Motion for Voluntary Dismissal of Complaint, acknowledging that he failed to meet the Court's deadlines and seeking to dismiss this case in its entirety. D.E. 62. Plaintiff has also notified the Court that he is now being housed at Luther Luckett Correctional Complex in LaGrange, Kentucky. D.E. 61. In their response to Plaintiff's Motion for Voluntary Dismissal, Defendants state that they have no objection to the dismissal of this action, but request that it be dismissed with prejudice. D.E. 64. However, Defendants note that they will not object to a dismissal without prejudice. *Id.*

■ Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court recommends that this action be dismissed without prejudice. Rule 41(a)(2) states that an action may be dismissed at the plaintiff's request by court order, "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). The Rule also states that "[u]nless the order states otherwise, a dismissal under this para-

graph (2) is without prejudice." *Id.* To determine whether an action should be dismissed with or without prejudice, the Court looks to whether Defendants "would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly and Company*, 33 F.3d 716, 718 (6th Cir.1994). In determining whether Defendants will suffer plain legal prejudice, the Court considers "the defendant[s'] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant[s]." *Id.* Moreover, the mere possibility of a later, renewed lawsuit against the dismissed defendants is not considered legal prejudice such as to require the Court to dismiss the action with prejudice, rather than without prejudice. *See, e.g., Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982); *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1031 (5th Cir.1974). This action has been pending since October 17, 2011, and while Defendants have no doubt expended a certain amount of time and effort to this point, it is unlikely major trial preparations have occurred as a trial date was never established by the Court. Although Plaintiff has, at times, been less than diligent in prosecuting this matter, he has notified the Court that this was at least partly due to him being placed on lockdown status with little or no access to court documents. Thus, the Court finds that dismissal without prejudice is appropriate.

Therefore, the Court hereby **RECOMMENDS** that:

(1) Plaintiff's Motion for Voluntary Dismissal of Complaint (D.E. 62) be **GRANTED,** and this action be **DISMISSED without prejudice;**

(3) The Court's Recommended Disposition of January 2, 2013 (D.E. 56) be **VACATED;**

(4) Defendants' Motion to Dismiss (D.E. 52) be **DENIED as moot;** and

(5) Plaintiff's Motion for Continuance (D.E. 59) be **DENIED as moot.**