**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NHUONG VAN NGUYEN, | No. 18-56400 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01452-JGB-KK |
| v. | |
| JACKSON LUCKY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Nhuong Van Nguyen appeals pro se from the district court's judgment

dismissing his action arising out of his prior state court divorce proceedings. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2003). We affirm.

The district court properly dismissed Nguyen's action against defendant Judge Lucky and the Riverside County Superior Court for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Nguyen's action is a "forbidden de facto appeal." *Id*. at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, [courts] pay close attention to the relief sought by the federal-court plaintiff." (citation and internal quotation marks omitted)).

Contrary to Nguyen's contention that he has alleged "fraud upon the court," the district court properly concluded that Nguyen did not allege facts sufficient to show that an adverse party committed an extrinsic fraud on the state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004) (defining extrinsic fraud, and recognizing that the *Rooker-Feldman* doctrine does not apply if extrinsic fraud prevented a party from presenting his or her claim in state court).

The district court did not abuse its discretion in dismissing defendant Miller because Nguyen voluntarily moved to dismiss Miller under Federal Rule of Civil Procedure 41(a)(2). *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143,

145 (9th Cir. 1982) (setting forth standard of review); *see also* Fed. R. Civ. P. 41(a)(2) (explaining that an "action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper").

Nguyen's contention that Federal Rule Civil Procedure 60(d)(3) provides federal subject matter jurisdiction over this action is unpersuasive.

Nguyen's motion to vacate the judgment (Docket Entry No. 3) is denied.

**AFFIRMED.**

18-56400