NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KURIN, INC.

Plaintiff-counter-
defendant-Appellant,

v.

MAGNOLIA MEDICAL
TECHNOLOGIES, INC.,

Defendant-counter-claimant-
Appellee.

No.   21-55025

D.C. No. 3:18-cv-01060-L-LL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted November 17, 2021
Pasadena, California

Before:  WARDLAW, PARKER,[**] and HURWITZ, Circuit Judges.

Kurin, Inc. appeals the district court's orders (1) denying its motion for

summary judgment on the counterclaims of Magnolia Medical Technologies, Inc.,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barrington D. Parker, United States Circuit Judge for
the U.S. Court of Appeals for the Second Circuit, sitting by designation.

(2) granting Magnolia's motion for summary judgment on Kurin's four Lanham Act claims against Magnolia, and (3) granting Magnolia's motion to voluntarily dismiss its counterclaims under Rule 41(a)(2). For the reasons that follow, we dismiss the appeal for lack of jurisdiction to the extent it seeks review of the district court's order denying summary judgment, and we otherwise affirm the district court's orders.

1.      We lack jurisdiction to review the district court's order denying Kurin's motion for summary judgment on Magnolia's counterclaims. Ordinarily, an order denying summary judgment is interlocutory and therefore not appealable. *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). This rule has two relevant exceptions. *First*, an order denying summary judgment is appealable when it is based on a legal error— this is known as the "purely legal issues" exception. *See In re Bard IVC Filters Prod. Liab. Litig.*, 969 F.3d 1067, 1072 (9th Cir. 2020) (a reviewing court has jurisdiction over an interlocutory appeal when "the district court made an error of law that, if not made, would have required the district court to grant the motion."). Here, in denying Kurin's motion for summary judgment, the district court ruled that Kurin failed to carry its initial burden of production because it neither (1) produced affirmative evidence negating an essential element of Magnolia's case nor (2) demonstrated an absence of evidence to support Magnolia's claim. The district court identified and applied the correct legal standard. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Consequently, the

2

"purely legal issues" exception does not apply.

*Second*, an order denying summary judgment may be appealable when it merges into a final judgment. *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 301 (9th Cir. 1989). After denying Kurin's motion for summary judgment on Magnolia's counterclaims, the district court granted Magnolia's motion to voluntarily dismiss those counterclaims *without* prejudice. Those counterclaims were therefore not part of a final judgment. *Cf. Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) ("A voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal."). Therefore, neither the final-judgment exception nor the "purely legal issues" exception applies, and we lack jurisdiction to review the district court's order denying summary judgment on Magnolia's counterclaims. Consequently, we dismiss the appeal to the extent it appeals that order.

2.    The district court did not err in granting Magnolia's summary judgment on Kurin's Lanham Act claims. The court granted Magnolia's motion for summary judgment with respect to four allegedly false or misleading statements made by Magnolia. We conclude that each of Kurin's claims fails for the same reasons: Kurin failed to produce evidence creating a genuine dispute of material fact on whether the allegedly false or misleading statements either (1) actually deceived or had a tendency to deceive a significant portion of the consuming public or (2) were likely

to influence purchasing decisions.[1] *See* 15 U.S.C. § 1125(a)(1); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Accordingly, we conclude that the district court did not err in granting summary judgment on the Lanham Act claims.

3.    The district court did not abuse its discretion in granting Magnolia's motion to voluntarily dismiss its counterclaims without prejudice. *See* Fed. R. Civ. P. 41(a)(2). First, a district court may refuse to grant a Rule 41 motion if the nonmoving party shows that it will suffer legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Kurin argues that the dismissal without prejudice would result in excessive expense and substantial inconvenience should Magnolia attempt to refile the claims. But neither result amounts to legal prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice."); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) ("[T]he mere inconvenience of defending another lawsuit does not constitute plain legal prejudice.").

Second, a district court should consider whether to dismiss a party's claims

---

[1] The district court granted summary judgment on three of the four statements because it concluded that the statements were neither false nor misleading. Although the court found that the fourth statement was literally false, it granted summary judgment because it concluded that Kurin had failed to adduce sufficient evidence of proximate causation or damages. Because we affirm on different grounds, we need not reach these issues.

under Rule 41 *with*, rather than without, prejudice when the moving party seeks to dismiss its claims to avoid a near-certain adverse ruling. *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008). The district court considered this factor, *see Kurin, Inc. v. Magnolia Med Techs., Inc.*, 2021 WL 22605, at *2, and concluded that Magnolia's claims were a "far cry" from a near-certain adverse ruling, noting that "no adverse rulings on the merits have been issued against Magnolia," *id*. The court therefore did not abuse its discretion in dismissing Magnolia's claims without prejudice.

**AFFIRMED IN PART AND DISMISSED IN PART.**